## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Michael Casimir Cerni and | ) | Case No. 15-08092 |
| Bernadette Mallo Cerni, his wife, | ) | |
| | ) | Honorable Judge A. Benjamin Goldgar |
| Debtors and Debtors in Possession | ) | |
| | ) | Presentation Date: May 27, 2015 |
| | ) | Presentation Time: 9:30 AM |

### NOTICE OF MOTION

To:   See attached service list

PLEASE TAKE NOTICE that on **May 27, 2015, at 9:30 A.M.,** the undersigned shall appear before Judge A. Benjamin Goldgar in Room 642 of the Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois, and shall then and there present the attached **Motion to Vacate Order Modifying the Automatic Stay**, a copy of which is enclosed and is herewith served upon you. At which time and place you may appear and be heard.

/s/ Forrest L. Ingram

Forrest L. Ingram , #3129032
FORREST L. INGRAM, P.C.
79 West Monroe Street, Suite 1007
Chicago, IL 60603-4907
(312) 759-2858

### CERTIFICATE OF SERVICE

I, Forrest L. Ingram, an attorney, certify that I have served a true and correct copy of the above and foregoing notice and the documents to which it refers on those whose names appear on the attached services list by electronic case filing, or by U.S. Mail with postage prepaid, as indicated on the list, on May 20, 2015.

/s/ Forrest L. Ingram

## SERVICE LIST

**VIA CM/ECF Notice:**

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn, 8th Floor
Chicago, IL 60602
USTPRegion11.ES.ECF@usdoj.gov

Peter C. Bastianen
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527

**Via U.S. Mail:**

Michael and Bernadette Cerni
10232 S Whipple
Chicago, IL 60655

CitiMortgage
PO Box 6243
Sioux Falls, SD 57117-6243

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Michael Casimir Cerni and ) | Case No. 15-08092 |
| Bernadette Mallo Cerni, his wife, ) | |
| ) | Honorable Judge A. Benjamin Goldgar |
| Debtors and Debtors in Possession ) | |
| ) | Presentation Date: May 27, 2015 |
| ) | Presentation Time: 9:30 AM |

**MOTION TO VACATE ORDER MODIFYING THE AUTOMATIC STAY**

NOW COME the Debtors and Debtors in Possession, Michael and Bernadette Cerni, ("Debtors"), by and through their attorneys at FORREST L. INGRAM, P.C., and respectfully request that the Court vacate its order of May 18, 2015 which modified the automatic stay to allow CitiMortgage, Inc.("Citi") to pursue non-bankruptcy remedies against Debtors' real property. In support of the motion, Debtors state as follows:

1. On March 7, 2015, Debtors filed their petition for relief under chapter 11 of the Bankruptcy Code.

2. On March 25, 2015, the Court entered an order extending the automatic stay until after Debtor's chapter 11 plan was confirmed. Docket 27.

3. Thereafter, the Debtors began negotiating with secured creditors to obtain their consent for the entry of agreed adequate protection orders. As an initial result of the negotiations, Debtors were able to file two joint motions for entry of agreed orders of adequate protection. Docket 37 and 40. On the presentation date, May 6, 2015, the Court entered both agreed orders. Docket 50 and 51.

4. On April 28, 2105, CitiMortgage, Inc., through its attorney Peter Bastianen of the firm Codilis & Associates, filed a motion for relief from stay in order to pursue state court remedies against Debtors' property at 832 W. 50th, Chicago, Illinois, and set the motion to be presented to the Court on May 11, 2015. Docket 41.

5. On May 8, 2015, Debtors, through their attorney Forrest Ingram, filed their response in opposition to the motion for relief from stay, arguing, among other things, that the motion was premature since the Debtors had not filed a plan, nor had the date set by the court for filing the plan occurred. Docket 52.

6. On May 11, 2015, an attorney from Codilis & Associates--but not Peter Bastianen--appeared before the court with Forrest Ingram on the motion. The court asked whether CitiMortgage wished to file a reply to the Debtors' response. The attorney from Codilis & Associates could not answer the question, and so the Court continued the matter to May 18, 2015, indicating that the status date was for the sole purpose of finding out whether CitiMortgage wished to file a response. The Court indicated to Ingram that he need not attend the May 18, 2015 status.

7. In the interim, Ingram contacted Bastianen about negotiating a settlement involving a joint motion to enter an agreed adequate protection order, with terms that would be further incorporated into the Debtors' chapter 11 plan--similar to the orders entered on May 6, 2015. See Docket 50 and 51.

8. Between May 11 and May 16, Ingram drafted the joint motion and agreed order and sent it to the Debtors for comment before presenting it to Bastianen.

9. Ingram had planned to be out of town on May 18. Since the court had indicated that he need not attend the status on May 18, he did not arrange for any substitute counsel to attend the status hearing.

10. On May 19, 2015, after Ingram received notice that the court, on May 18, 2015, had entered the order modifying the stay to allow CitiMortgage to foreclose on the 50th Place property, he contacted Bastianen who told him that he had not been made aware that the court had indicated to Ingram that he need not attend the status on May 18 since it was to be merely a status where CitiMortgage indicated whether or not it wished to file a reply to the Debtors' response.

11. The order modifying the stay, therefore, was entered without the Debtors having the opportunity to have their counsel appear before the court to explain the status of settlement negotiations involving adequate protection payments and the inclusion of payment terms in the Debtors' chapter 11 plan.

12. The Debtors in their response argued that the motion to modify the stay was premature. The status of the settlement negotiations would have been strong evidence that the court should give the Debtors time to complete the negotiations with CitiMortgage, agreeing to make adequate protection payments during the case, and to include settlement terms in the chapter 11 plan.

13. Delaying entry of the order would also have given CitiMortgage an opportunity to consider the Debtors' offer and to enter into an agreement that would have been in its best interests.

14. The unscheduled entry of the order prevented the Debtors from appearing and presenting their position as to why the property was necessary for a successful reorganization. It also prevented them from having the time to negotiate adequate protection payments with CitiMortgage, and from permanently resolving the issues through the plan.

**WHEREFORE**, the Debtors respectfully request that this Honorable Court vacate its order of May 18, 2015 and give the parties time to determine whether they can agree on adequate protection terms and terms to be included in Debtors' chapter 11 plan. The Debtors ask for such other and further relief as may be just.

> Respectfully Submitted,
> Michael and Bernadette Cerni
>
> By:    /s/ Forrest Ingram
>        One of Debtors' attorneys

Forrest L. Ingram, #3129032
FORREST L. INGRAM, P.C.
79 W. Monroe St., Suite 1007
Chicago, IL 60603
(312) 759-2838